IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK ADAM SHAW, | : | |
| Petitioner, | : | Civil Action No. 15-00100-CG |
| v. | : | Criminal No. 09-00065-CG-C |
| United States of America, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner Mark Adam Shaw, a federal prison inmate proceeding *pro se*, filed on February 20, 2015 a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 96).  This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  It is recommended that Shaw's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## FINDINGS OF FACT

1.  On June 16, 2009, Shaw entered a counseled guilty plea to Count 2 of the four-count indictment charging the offense of possession of a listed chemical with the intent to manufacture a controlled substance in violation of Title 21, U.S.C. § 841(c)(1). (*Compare* Doc. 32, Order on Guilty Plea, *with* Doc. 1, Indictment.)  Shaw was sentenced on December 16, 2010 to 118 months imprisonment.  (*See* Docket Sheet, Minute Entry for December 16, 2010).  The Court entered judgment on December 17, 2010. (*See* Doc. 78).  Shaw did not appeal his conviction and sentence.  (*See* Doc. 96, p. 2).

2.  Shaw's motion to vacate pursuant to 28 U.S.C. § 2255 was filed on February 20, 2015. (*See* Doc. 96).  In the motion, Shaw alleges, *inter alia*, that his trial counsel was "constitutionally ineffective for failing to conduct an adequate presentence investigation and request the Court to reduce the sentence pursuant to USSG

§5G1.3(b)(1) for sentence credit intended but not obtainable from the BOP." (*Id.* at 4). Within the § 2255 motion, Shaw acknowledges that the date of his conviction was in 2010 (Doc. 96, p. 16)[1] but argues that his motion is timely because either Section 2255(f)(4) applies to his case or this Court should equitably toll the limitations period:

> The Petitioner asserts that this motion is timely raised under both the equitable tolling doctrine, *Holland v. Florida*, 560 U.S. 631 (2010), and pursuant to §2255(4) as the facts supporting relief did not become available until it became apparent that the BOP would not award the presentence credit intended by the Court, even after exhausting all of the administrative remedies and taking the issue to the Federal District Court. Indeed, Shaw has exercised the maximum amount of diligence in attempting to obtain the credit from the BOP as he immediately sought administrative remedy once he arrived at the institution and was given a copy of his sentence computation sheet. Id. And it was not fully apparent that the BOP would not award the credit until he exhausted all of his administrative remedies and filed for §2241 proceedings in the Northern District of Alabama, where after a full round of Briefing the BOP still refused to award the credit. The petitioner filed his §2241 Brief on March 19, 2014, and the Government acting on behalf of the BOP filed their Motion to Dismiss on April 24, 2014, maintaining their longstanding position that the BOP was without jurisdiction to grant the requested relief. Id. Thus, in fundamental fairness the one year limitation period for filing §2255 Motions should be tolled in this case until the Government filed their Motion to Dismiss, April 24, 2014.

(*Id.* at p. 19).[2]

## **CONCLUSIONS OF LAW**

1.      Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must

---

[1] Shaw actually indicates on page 1 of the motion that the date of his conviction is December 17, 2015 and the date of his sentencing is December 16, 2015. (*See* Doc. 96 at 1). While these dates are obviously erroneous, as they have not yet occurred, Shaw accurately provides in the legal memorandum attached to his motion that he was sentenced on December 16, 2010. (*See id.* at 16).

[2] While Shaw states that his motion is timely pursuant to "§2255[4]," it is apparent from Shaw's motion that he is arguing that his motion is timely under § 2255(f)(4).

2

dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 & 1195 (11th Cir. 2004) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.' . . . A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district court *sua sponte* to dismiss a habeas petition as untimely, under AEDPA."), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *Emerson v. United States*, No. 6:03-CV-030-C, 2004 WL 743914, at *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. See Rule 4 of the Rules Governing Section 2254 Cases . . . and Rule 4(b) [,] Rules Governing Section 2255 Proceedings[.]"), *cert. denied*, 541 U.S. 1081 (2004); *United States v. Gray*, No. TCR 88-04060, TCR 93-40156-WS, 1996 WL 228461, at *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and

3

dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir .1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

    2.    The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    3.    Subsections (2) and (3) of Section 2255(f) clearly do not apply to petitioner's case. Subsection (4) likewise does not apply. Shaw is attacking the Court's determination of his sentence and challenging the actions of his attorney leading up to sentencing (*see* Doc. 96, pp. 4-6, 9-13), which are things he "could have discovered . . . as of the date the Judgment of Conviction was entered." *United States v. Bryant*, Criminal Action No. H-03-389-18; Civil Action No. 08-2145, 2009 WL 1913259, at *2 (S.D. Tex. July

1, 2009) (holding Section 2255(f)(4) inapplicable to petition presenting claim that District Court erred in determining sentence more than one year after Judgment of Conviction entered); *see id.* (noting that "[u]nder 2255(f)(4), it is not the date [petitioner] discovered his claim, but the date he could have discovered his claim"). Therefore, the timeliness of Shaw's petition must be calculated under § 2255(f)(1) based upon the date on which his conviction became final. In this case, the Court entered judgment against Shaw on December 17, 2010. Because the Petitioner did not appeal his conviction or sentence, the judgment of conviction became final on December 31, 2010, the date on which the time for filing a notice of appeal with this Court expired. *Compare* FED. R. APP. P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Shaw had until December 31, 2011 to timely file a collateral attack pursuant to § 2255. Because the Petitioner filed his § 2255 Motion more than three (3) years after his one-year limitation period expired, this Court cannot reach the merits of his claims unless he is entitled to equitable tolling.

4. Recently, in *Holland v. Florida*, the Supreme Court held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases" and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. 631, 645-49 (2010). In the Eleventh Circuit, in the § 2255 context, "'[t]he statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Kicklighter v. United States*, 281 Fed.Appx. 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2008)); *see also Foley v. United States*, 420 Fed.Appx. 941, 942 (11th Cir. 2011)

5

("We have explained that equitable tolling 'is available only if a [prisoner] establishes *both* extraordinary circumstances and due diligence.'"); *Diaz v. Sec'y for the Dept. of Corrs.*, 362 F.3d 698, 700-01 (11th Cir. 2004) (citations omitted) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"). The Eleventh Circuit has noted time and again that "[e]quitable tolling of the limitations period for a motion to vacate is an 'extraordinary remedy' that is to be applied sparingly, and the burden for establishing eligibility for equitable tolling falls squarely on the prisoner." *Foley, supra,* 420 Fed.Appx. at 942 (citation omitted); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have emphasized . . . that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295 (2005); *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) ("The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time.").

    5.    In this case, the Petitioner has not established that the instant habeas corpus petition was timely filed, nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v. Fla. Dep't of Corrs.*, 513

F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, 555 U.S. 851 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'[T]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)).  Petitioner makes no argument that he was ignorant of the one-year limitations period. (*See* Doc. 96).[3] Rather, Shaw argues that the Court should equitably toll the one-year limitations period because he diligently attempted to obtain the credit from the Federal Bureau of Prisons once he arrived at the correctional institution and received his sentence computation information. (*See id.* at 19). While the Petitioner's efforts to obtain credit from the Federal Bureau of Prisons may show that he has been attacking his sentence diligently, Shaw has failed to make an argument or provide any facts indicating that some extraordinary circumstance or scenario prevented the timely filing of his § 2255 motion. *See Diaz*, 362 F.3d at 700-01. Thus, the Court can make no finding other than that the Petitioner's own lack of due diligence, ultimately, is responsible for the untimeliness of the filing of the instant petition.  This is simply not one of those rare cases in which principles of equitable tolling can save the Petitioner from AEDPA's one-year limitations period.  *See Johnson*, 340 F.3d at 1226.

---

[3]    In truth, such an argument would not serve as a basis to equitably toll the limitations period. *Gardner v. Walker*, No. 604CV63(HL), 2005 WL 1127137, at *1 (M.D. Ga. May 7, 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach*, No. 2:06-CV-141-WHA, 2008 WL 2131398, at *2 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."), *report & recommendation adopted by* No. 2:06cv141-WHA, 2008 WL 2131395 (M.D. Ala. May 20, 2008); *Teel v. Farrell*, No. 2:04cv328-MHT(WO), 2006 WL 1148817, at *4 (M.D. Ala. Apr. 28, 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

Accordingly, Shaw's federal habeas petition is time-barred pursuant to 28 U.S.C. § 2255(f).

6. Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *see Jackson v. Sec'y for the Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002), within the context of Rule 4, *see Johnson v. Chase*, No. CV406-199, 2006 WL 2949442, at *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable

jurist could not conclude either that this Court is in error in dismissing the instant petition or that Shaw's should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

It is recommended that the instant motion to vacate (Doc. 96) be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). Petitioner is not entitled to a certificate of appealability.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 27th day of August 2015.

                                           s/WILLIAM E. CASSADY
                                           **UNITED STATES MAGISTRATE JUDGE**